## BANK OF AMERICA

### v.

## ASSIGNEE OF POULTNEY SLATE WORKS.

SEPTEMBER TERM, 1894.

*Promissory note held binding upon corporation.*

The Poultney Slate Works was a partnership owning a slate quarry and carrying on business at Poultney, Vt., and was indebted to the firm of De Rivera & Co. in a large sum. A corporation was organized under the same name to take the business, and the partnership conveyed all its interest in the property to the corporation.   As a part consideration for the conveyance the corporation agreed to assume and pay this debt to De Rivera & Co.   The notes in question were given by the corporation to De Rivera & Co. to apply on this indebtedness, and were partly discounted by the plaintiff bank, and partly taken by it as collateral on account of that firm, and all this was in the regular course of business and in good faith.   The firm—Poultney Slate Works—consisted of three individuals and these same individuals were the sole stockholders in the corporation.

The firm of De Rivera & Co. was composed of two of these persons and the same man was the active manager in all these associations and this was known to the plaintiff. *Held*, that the plaintiff could enforce the notes as against the assignee of the corporation.

Appeal from a decree of the court of insolvency for the district of Fair Haven. Heard at the September term, 1894, Rutland county, START, J., presiding, upon the report of a referee. Judgment for the plaintiff. Exceptions by the defendant. The facts appear in the headnote and opinion.

*Roberts & Roberts* for the plaintiff.

*Geo. E. Lawrence* and *F. S. Platt* for the defendant.

TYLER, J.   It is found that the debt of $64,000 due J. De Rivera & Co. from the partnership called the Poultney Slate Works, was valid and represented the entire cost of the plant, and that when the corporation was formed it assumed the payment of the debt. H. C. De Rivera caused the eighteen notes to be discounted from time to time by the plaintiff and gave the corporation credit for the several amounts, though they were insufficient to pay the entire debt by about $10,000, and the plaintiff gave De Rivera & Co. credit for the amounts on its bank account. These transactions were known and approved by all the stockholders of the corporation. The plaintiff discounted the notes in good faith and in the regular course of business, and H. C. De Rivera subsequently drew from the plaintiff for his firm all the money so credited to it. The firm failed in July, 1886, and the corporation was adjudged insolvent the following month. All the notes were duly protested.

The same facts are found in respect to the other three notes, excepting that the plaintiff held them as collateral security for a loan made by the plaintiff to J. De Rivera &

Co. for a much larger sum than the amount of the notes. The debt was never paid and the three notes were protested for non-payment.

Neither the referee's report nor the defendant's brief discloses a defence to the suit.   The plant, property and business of the partnership, Poultney Slate Works, were conveyed to the corporation to pay for the capital stock that was issued, and were the consideration for the corporation assuming the debt of the partnership to J. De Rivera & Co. The fact that the plaintiff knew that H. C. De Rivera was treasurer of the corporation and the main partner and financial manager of the affairs of the New York firm did not affect the validity of the notes, nor is it a defence for the corporation or its assignee in insolvency that no meeting of the stockholders or directors is shown to have been held.

*Judgment affirmed.*